Wanamaker, J.
There is but one question in this case: Was a county commissioner in the year 1910 entitled by law to compensation as member of the quadrennial county board of equalization, under Section 2813a, Revised Statutes, now Section 5597, General Code, in addition to his salary, as provided in Section 897, Revised Statutes, now Section 3001, General Code ?
For many years the people of Ohio had been endeavoring to abolish the fee system as pertaining to county officers. County officials, whose chief work in many cases was done by efficient deputies, were being paid by the people of the county enormous sums after the manner of fees and other emoluments; amounts in excess of the salary of the governor and, in some counties, even in excess of the salary of the president of the United States. In general assembly after general assembly the people had been defeated in this endeavor by a thoroughly organized lobby, with all the funds and allies it could command, and finally outraged public opinion had its way and abolished the infamous county fee system of the state in the year 1906 (98 O. L., 89).
Section 1 of said salary act, now Section 2977,' General Code, is as follows:
“All the fees, costs, percentages, penalties, allowances and other perquisites collected or received by law as compensation for services by a county auditor, county treasurer, probate judge, sheriff, *65 clerk of courts, or recorder, shall be so received and collected for the sole use of The treasury of the county in which they are elected and shall be held as public moneys belonging to such county and accounted for and paid over as such as hereinafter provided.”
This section, as well as the sections following, clearly indicates the settled purpose and fixed policy of the state to pay county officials a fixed lump sum, no matter what additional duties may be imposed on them from time to time, unless there be a clear purpose to add further compensation for such further duties.
Sections 5 and 6 of said salary act require the county officers therein named to file a full report and to pay into the county treasury the money and fees .that they have received as such county officers, and under Section 22 their wilful failure to do the same is made a penal offense for which they are indictable.
The section applying to salaries of county commissioners is Section 3001, General Code, formerly Section .897, Revised Statutes, which reads:
“The annual compensation of each county commissioner shall be determined as follows:
“In each county in which on the twentieth day of December, 1911, the aggregate of the tax duplicate for real estate and personal property is five million dollars or less, such compensation shall be nine hundred dollars, and in addition thereto, in each county in which such aggregate is more than five million dollars, three dollars on each full one *66 hundred thousand dollars of the amount of such duplicate in excess of five million dollars. That the compensation of each county commissioner for the year 1912, and each year thereafter, shall not in the aggregate exceed 115% of the compensation paid to each county commissioner for the year 1911. In counties where ditch work is carried on by the commissioners, in addition to the salary herein provided, each commissioner shall receive three dollars for each day of time he is actually employed in ditch work; the total amount so received for such ditch work, not to exceed three hundred dollars in any one year. Such compensation shall be in full payment of all services rendered as such commissioner and shall not in any case exceed four thousand dollars per annum. Such compensation shall be in equal monthly installments from the county treasury upon the warrant of the county auditor.”
It will be noted from this last section that after fixing the salary for such county commissioner there is a second provision that it shall stay fixed until the general assembly shall amend the same, else what do the following words mean: “Such compensation shall be in full payment of all services rendered as such commissioner,” etc. ?
The general assembly has in certain cases provided for additional salary beyond the amount allowed by the general salary act, but the language of the section providing for such allowance is so clear and unmistakable as to the intention of the general assembly that there can be no doubt about it. To illustrate: Section 2846, General Code, pro *67 vides: “Upon the certificate of the clerk and the allowance of the county commissioners the sheriff shall receive from the county treasury in addition to his salary his legal fees for services in criminal case wherein the state fails to convict,” etc.
Again, Section 3004, General Code, provides: “There shall be allowed annually to the prosecuting attorney in addition to his salary and to the allowance provided by Section 2914, an amount equal to one-half the official salary,” etc.
But even in this very section, 3001, General Code, which provides for the salary of the county commissioners, there appears this language:
“In addition to the salary herein provided, each commissioner shall receive three dollars for each day of time he is actually employed in ditch work.”
There is no doubt as to the purpose of this language in the statute. It is obviously clear that the legislature, by the use of the words “in addition to the salary herein provided,” meant thereby to increase the salary for ditch work to the maximum of $300.
When the board of equalization statute was enacted, if there had been a purpose to add to the salary, it is self-evident that some similar appropriate words indicating such clear purpose would have been employed in the statute.
Now, it is quite obvious that old Section 2813a. Revised Statutes, now Section 5597, General Code, providing for the three-dollar-a-day allowance, does not contain any such apt words as relate to the salary of sheriff, or salary of prosecuting attorney, *68 or salary of commissioners in ditch matters, as referred to in the foregoing statutes.
Now, counsel for plaintiff in error, as well as the very able opinion of the court of appeals, admit that up to the time of the codification in 1910 the old Section 2813a, Revised Statutes, which purported to allow $3 per day to the county commissioners acting on the board of equalization, was repealed by implication. But it is contended that owing to the fact, and it seems a fact, that the codifying commission included Section 897, Revised Statutes, now Section 3001, General Code, and Section 2813a, Revised Statutes, now Section 5597, General Code, in their report, which was adopted by the general assembly of Ohio, and the further fact that in Volume 102, Laws of 1911, after repealing both of these sections they were again reenacted on the same day and by separate acts, these facts taken together indicate an intention to preserve to the commissioners the benefits of $3 per day as members of the board of equalization.
Manifestly the commissioners of the county are members of the board of equalization-merely because they are commissioners. Their duties on the board of equalization are simply additional to their former duties as commissioners, and the language of the act, as it appears in said Volume 102, page 279, is identical with the language of the old law prior to the codification in 1910, except the name of the county board of equalization.
Counsel contend, by a system of technical reasoning, by invoking the law of presumption and the *69 various rules applicable in the interpretation of statutes, all of which are necessarily more or less abstract and academic, that force and effect must be given to both statutes, and, therefore, that the salary as member of the board of equalization must be considered as additional to the salary provided in the general statute.
Now, there is but one justification for the application of a mere technical rule of law, and that is to preserve and protect the natural justice and the manifest equities of the case. Such rule ought never to be invoked or applied to defeat and destroy such justice and equity, and especially to overthrow the manifest and settled policy of the people of Ohio as to the salaries for county public officers. If it had been the intention of the general assembly to make this compensation additional to what had been theretofore provided, it is reasonable to presume that there would have been like language used as was used in reference to the compensation of the sheriff, compensation to the prosecuting attorney and compensation to the commissioners in ditch matters in the sections heretofore cited, where the language is “in addition to his salary,” making it perfectly plain and clear.
The judgment of the court of appeals is, therefore, reversed and the judgment of the court of common pleas affirmed.
Judgment of the court of appeals reversed, and that of the common pleas affirmed.
Nichols, C. J., Johnson, Jones and Matthias, JJ., concur.